UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARMAN L. DECK,                       )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )     No. 4:07-CV-455-JCH
                                      )
DON ROPER, et al.,                    )
                                      )
          Defendants.                 )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Carman L. Deck (registration no. 990144) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint on March 7, 2007.  *See* 28 U.S.C. § 1915(a)(1),(2).  A review of plaintiff's account statement indicates an average monthly deposit of $8.50, and an average monthly account balance of $178.15.  Applicant has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $35.63, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355

U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff, an inmate at the Potosi Correctional Center ("PCC"), seeks monetary, declaratory, and injunctive relief in this 42 U.S.C. § 1983 action against defendants Don Roper, Steve Larkins, Fred Johnson, Ian Wallace, Sharon Gifford, Michael Layden, P. Nixon, C. Owens, Brian Allen, Jeffrey Turner, Terry White, and Tim Lancaster. Plaintiff alleges that he was found guilty of a conduct violation for "rule #4 escape." He claims that (1) he "was not interviewed in the presence of investigator Jeff Terschluse according to policy"; (2) he was denied legal assistance, a P.S.E., and "any statements in order to defend himself"; (3) the violation did not list the names of the inmates he "was supposed to have discussed this plot with"; (4) Michael Layden "failed to make an independent determination of the reliability of the confidential informant"; (5) he was sanctioned to "30 days disciplinary

segregation, refer[red] to the Administrative Segregation Committee, and refer[red] for prosecution; (6) on June 6, 2006, he appeared before the Administrative Segregation Committee and was assigned to Ad/Seg unit for 60 additional days; (7) on August 1, 2006, he "again appeared before the Ad/Seg Committee and was again given an additional 90 days"; (8) on October 24, 2006, he "appeared before the Ad/Seg Committee for the third time and was given another 90 days"; and (9) his "visiting privileges were suspended with visitor Alice Wintermeyer due to this violation." Plaintiff does not describe the conditions of administrative segregation at PCC.

## Discussion

For the due process clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. *Cf. id*. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208, 1997 WL 581079, **2 (8th Cir. 1997)(same; inmate alleged only that he spent 4 days locked in his housing unit, 30 days in disciplinary segregation, and 290 days in administrative segregation); *Driscoll v. Youngman*, 124 F.3d 207,

1997 WL 581072, **2 (8th Cir. 1997)(same; 135 days in disciplinary and administrative segregation); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996)(same; ten days disciplinary detention and 100 days in maximum-security cell).  *But cf. Wilkinson v. Austin*, 545 U.S. 209 (2005)(in certain circumstances, inmate transferred to and held indefinitely in maximum security environment may enjoy certain due process protections).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without prepayment of the required filing fee.  See 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $35.63 within thirty (30) days from the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this memorandum and order.

Dated this <u>22nd</u> day of March, 2007.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE